IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BC WAYCROSS SPRING HILL, LLC**,
A Delaware Limited Liability Corporation,

    Plaintiffs,

CASE NO. 2022-

v.

**FL SPRING HILL CORTEZ, LLC**,
a South Carolina Limited Liability Corporation,

    Defendants.
_____/

## COMPLAINT

BC Waycross Spring Hill, LLC ("**BCW**") sues FL Spring Hill Cortez, LLC ("**Realty Link**") and seeks judicial declaration regarding BCW's rights and obligations pursuant to a certain Tenancy in Common Agreement (the "**TIC Agreement**"). Plaintiff states as follows:

### PARTIES AND JURISDICTION

1. This is an action for declaratory relief pursuant to Florida Statutes Section 86.011 with the amount of controversy exceeding $75,000.

2. BCW is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

3. Realty Link is a South Carolina limited liability company, with its principal place of business in Greenville, South Carolina.

4. The claim asserted herein involves the parties' rights and obligations in connection with real property located at 13050 Cortez Boulevard, Spring Hill, Florida (the "**Property**").

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) as the real property subject of the claim asserted herein is in Hernando County, Florida

7. BCW has retained attorneys to represent it in this matter and is obligated to pay its attorneys reasonable fees and costs in connection with this matter. BCW is entitled to judgment for its attorneys' fees and costs pursuant to the TIC Agreement.

8. All conditions precedent to the institution of this action have occurred or been waived.

## GENERAL ALLEGATIONS

9. On <u>April 5, 2019</u>, BCW and Realty Link purchased the Property as tenants in common. A copy of the Warranty Deed is attached hereto as Exhibit "**A**".

10. BCW owns an 85% undivided interest of the Property and Realty Link owns a 15% undivided interest in the Property.

11. On <u>April 5, 2019</u>, BCW and Realty Link executed the TIC Agreement "to set forth . . . their respective rights, duties, responsibilities and obligations with respect to the Property." TIC Agreement p. 1 ¶ 3. The TIC Agreement is attached hereto as Exhibit "**B**".

12. The TIC Agreement contains, among other things, option and forced sales provisions. Further, the TIC Agreement contains specific notice provisions in connection with the parties' implementation of their respective rights pursuant to the TIC Agreement.

13. Article X of the TIC Agreement, the article regulating notices, provides as follows:

> 10.1 In Writing: Address. All notices, demands, consents, reports and other communications provided for in this Agreement shall be in writing, shall be given by a method prescribed in Section 10.2. and shall be given to the Tenant to whom it is addressed at the address set forth below or at such other address as such party hereto may hereafter specify by at least fifteen (15) days' prior written notice.

> To Realty Link:   FL Cortez Spring Hill, LLC
> c/o RealtyLink , LLC
> 201 Riverplace, Suite 400 Greenville SC 29601
> Attn: Legal Department
> mdavis@realtylinkdev.com

> With a copy to:   Realtylink, LLC 1512

2

|                  |                                                          |
|------------------|----------------------------------------------------------|
|                  | Overview Oaks Road Chattanooga, Tennessee 37405          |
|                  | Attn: Oliver Perdomo operdomo@realtylinkdev.com          |
| With a copy to:  | Graybill, Lansche & Vinzani, LLC                         |
|                  | 2721 Devine Street                                       |
|                  | Columbia, South Carolina, 29205                          |
|                  | Attn: Wesley M. Graybill/Brett D. Budlong                |
|                  | wgraybill@glvlawfirm.com                                 |
|                  | budlong@glvlawfirm.com                                   |
| To BC Waycross   | Spring Hill, LLC:                                        |
|                  | c/o First Colony Financial Corporation                   |
|                  | 8100 Roswell Road, Suite 201                             |
|                  | Atlanta, Georgia 30350-2803                              |
|                  | Attn: Leslie G. Callahan III                             |
|                  | lcallahan@ccim.net                                       |
| With a copy to:  | Arnall Golden Gregory LLP                                |
|                  | 171 17th Street Ste. 2100                                |
|                  | Atlanta, Georgia 30363                                   |
|                  | Attn: Russell Arouh, Esq.                                |
|                  | Russ.Arouh@agg.com                                       |

Any party hereto may change the address to which notice may be delivered hereunder by the giving of at least fifteen (15) days prior written notice thereof to the other Tenants as provided in Section 10.2 below.

10.2 Method. Any notice, demand, consent, report or other communication shall be delivered by hand (including, without limitation, by local courier) or nationally recognized overnight courier which maintains evidence of receipt, via email provided the notifying party receives a confirmation of delivery and the subject line in the applicable email reads, in all capital letters: "URGENT NOTICE RE: FL CORTEZ SPRING HILL TIC AGREEMENT", or mailed by United States certified mail, return receipt requested, postage prepaid, deposited in a United States post office or a depository for the receipt of mail regularly maintained by the United States post office. Any notices, demands, consents or other communication shall be deemed given when received at the address for which such party has given notice in accordance with the provisions hereof. Refusal to accept delivery at the address specified for the giving of such notice in accordance herewith shall constitute delivery. '

10.3 Response Period. Any notice or other communication <u>which is intended to initiate a response period set forth in this Agreement</u> **shall be effective to do so only if it specifically references such response period**.

(Emphasis added).

3

14. Article XIII of the TIC Agreement, the article regulating the option, provides in pertinent part as follows:

> 13.1 Grant of Option. Subject to the terms and conditions set forth in the Loan Agreement, BCW hereby grants Realty Link the option, exercisable at any time from and after the one year anniversary of the date of this Agreement, to purchase BCW's Tenant Interest **at any time prior to the date on which either Tenant initiates the Forced Sale provisions of Article XIV below**. The purchase price shall be an amount equal to BCW's Total Investment Account (as defined in Section 14.1 below) together with a sixteen percent (16%) per annum compounded return thereon, or (ii) one hundred and twenty-five percent (125%) of BCW's Total Investment Account. For the sake of clarity, Realty Link **may not exercise the provisions of this Article [XIII] if the Forced Sale provisions of Article [XIV] hereof have been invoked by a Tenant**, but may exercise the provisions of this Article [XIII] in the event the purchase provisions of Sections 6.3 or 7.2 have been invoked in which event the provisions of this Article [XIII] shall override the provision of Sections 6.3 and 7.2. (Emphasis added).

15. Article XIV of the TIC Agreement, the article regulating the forced sale, provides in pertinent part as follows:

> 14.1 Forced Sale. Subject to the terms and conditions set forth in the Loan Agreement, **at any time after the thirty (30) month anniversary of this Agreement, if Realty Link has not previously exercised the purchase option pursuant to Article XIV hereof**, Realty Link or BCW **shall have the right to offer the Property for sale by delivery of notice to the other** (the Tenant delivering such notice is hereinafter referred to as the "Initiating Tenant" and the recipient of such notice the "Non-Initiating Tenant"). Following delivery of such notice, such Initiating Tenant shall, within twenty (20) days, provide a notice to the Non-Initiating Tenant recommending a selling price for the Property to the Non-Initiating Tenant. Unless otherwise agreed by the Non-Initiating Tenant, (i) if Realty Link is the Initiating Tenant, the minimum sales price (the "Minimum Sales Price") for the Property shall be an amount sufficient to generate proceeds to BCW from such sale an amount not less than the "BCW Minimum Return" (as defined below), and (ii) if BCW is the Initiating Tenant, the Minimum Sales Price for the Property shall be an amount sufficient to generate proceeds to Realty Link from such sale an amount not less than the "RL Minimum Return" (as defined below). **The Non-Initiating Tenant shall, within ten (10) days of receipt of such proposed selling price (which shall not be less than the Minimum Sale Price) either approve such selling price or recommend an alternative selling price**. If the Initiating Tenant and the Non-Initiating Tenant cannot agree upon a selling price within such ten (10) day period, either of Realty Link or BCW, by delivery of notice to the other, may request that the selling price be the fair market value of the Property as determined by the appraisal proceeding set forth in Section 14.3 hereof; provided that in the event the fair market value of the Property does not exceed the Minimum Sales Price, then the Property shall not be sold pursuant to this Section 14.1. (Emphasis added).

16. Pursuant to Section 12.2 of the TIC Agreement, the "[TIC] Agreement, the rights and obligations of the parties [thereto], and any claims or disputes relating thereto shall be governed by and construed in accordance with the laws of the State of Florida."

17. On April 29, 2022, BCW initiated the Forced Sale procedure in the TIC Agreement by sending following the notice[1] to Realty Link:

> From: Les Callahan <lcallahan@ccim.net>
> Sent: Friday, April 29, 2022 2:04 PM
> To: 'Oliver Perdomo' <operdomo@realtylinkdev.com>
> Cc: 'Maude Davis' <Mdavis@realtylinkdev.com>; bbudlong@glvlawfirm.com; 'Arouh, Russell A.' <russell.arouh@agg.com>; 'Fisher, Scott A.' <Scott.Fisher@agg.com>; wgreybill@glvlawfirm.com
> Subject: URGENT NOTICE RE: FL CORTEZ SPRING HILL TIC AGREEMENT
>
> The purpose of this email is to provide notice to FL Spring Hill Cortez, LLC ("RL") of BC WAYCROSS SPRING HILL, LLC's ("BCW") election to exercise its right to offer the Property (as defined in the TIC Agreement) for sale pursuant to Section 14.1 of that certain Tenancy-In-Common Agreement dated April 5, 2019 by and between BCW and RL (the "TIC Agreement").
>
> BC Waycross Spring Hill, LLC
> By: BC Waycross Associates, LLP,
> sole member
> By: Leslie G. Callahan, III
> General Partner

A copy of the April 29, 2022 Notice is attached as Exhibit "**C**".

18. On May 19, 2022, BCW sent the following notice[2] to Realty Link:

> From: Arouh, Russell A.
> Sent: Thursday, May 19, 2022 6:48 PM
> To: Les Callahan <lcallahan@ccim.net>; 'Oliver Perdomo' <operdomo@realtylinkdev.com>
> Cc: 'Maude Davis' <Mdavis@realtylinkdev.com>; 'Philip Wilson' <pwilson@realtylinkdev.com>; wgraybill@glvlawfirm.com; bbudlong@glvlawfirm.com; Fisher, Scott A. <scott.fisher@agg.com>
> Subject: URGENT NOTICE FL CORTEZ SPRING HILL TIC AGREEMENT
>
> Our Firm represents BC Waycross Spring Hill, LLC and we prepare this notice on their behalf. The purpose of this email is merely to comply with the notice requirements set forth in the TIC and does not change any of the prior statements by the Initiating Tenant.
>
> As you are aware, BC Waycross Spring Hill, LLC has exercised its rights pursuant to 14.1 of the TIC. As the Initiating Tenant, we hereby recommend a selling price of $32,000,000, noting, however, that we have incomplete information at this time. We reserve the right to recommend another selling price at such time as we receive all of the information required to be delivered to us pursuant to the TIC.
>
> Please let me know if you have any questions or concerns. Thank you.
>
> Russ

A copy of the May 19, 2022 Notice is attached as Exhibit "**D**".

---

[1] The "**April 29, 2022 Notice**".
[2] The "**May 19, 2022 Notice**."

19. On May 27, 2022, Realty Link's counsel called BCW's counsel on the telephone to request an extension of time until Tuesday, May 31, 2022 for Realty Link to respond to BCW's May 19, 2022 Notice of suggested sale price.

20. On June 1, 2022, 32 days after BCW initiated the Forced Sale proceedings, instead of responding to the May 19, 2022 Notice, Realty Link sent to BCW a letter stating that, pursuant to section 13.2 of the TIC agreement, Realty Link was exercising the option to purchase BCW's interest in the Property (the "**June 1, 2022 Letter**"). The June 1, 2022 Letter are attached hereto as composite Exhibit "**E**".

21. On June 2, 2022, BCW responded to the June 1, 2022 Letter stating that the contractual provisions precluded Realty Link from exercising the option (the "**June 2, 2022 Response**"). The June 2, 2022 Response is attached hereto as Exhibit "**F**".

22. On June 6, 2022, Realty Link wrote to BCW to inform BCW that Realty Link was treating the April 29, 2022 and the May 19, 2022 notices as null and void because the May 19, 2022 notice failed to advice Realty Link that Realty Link had 10 days to approve or reject BCW's proposed selling price (the "**June 6, 2022 Letter**"). The June 6, 2022 Letter is enclosed hereto as Exhibit "**G**".

23. On June 16, 2022, BCW sent a notice to Realty Link informing Realty Link that pursuant to section 14.1 of the TIC Agreement, Realty Link had ten days to approve or reject the $32,000,000 recommended sale price (the "**June 16 Notice**"). The June 16, 2022 BCW Notice is attached hereto as Exhibit "**H**".

24. BCW and Realty Link have a good faith dispute regarding their rights and obligations pursuant to the TIC Agreement.

4868-1725-7509, v. 1

**DECLARATORY RELIEF**

25. Pursuant to section 86.011, Florida Statutes, BCW seeks a declaration that the April 29, 2022 Notice initiated the Forced Sale provisions in Article XIV of the TIC Agreement precluding Realty Link from exercising its option rights under Article XIII.

26. BCW realleges and incorporates the allegations set forth in paragraphs 1 through 24 of this Complaint.

27. On April 29, 2022, Realty Link received the April 29, 2022 Notice and acquired actual notice of BCW's intent to invoke the Forced Sale provision in the TIC agreement.

28. The April 29, 2022 Notice complies with the notice requirements in Article X of the TIC Agreement.

29. On May 19, 2022, Realty Link received the May 19, 2022 Notice and acquired actual knowledge of BBC's recommended sale price and of its obligation to accept or reject the recommended price under section 14.1 of the TIC Agreement.

30. The May 19, 2022 Notice complies with the notice requirements in Article X of the TIC Agreement.

31. Even if the May 19, 2022 Notice failed to trigger Realty Link's ten-day response period, the May 19, 2022 Notice is not null or void and does not invalidate BCW's invocation of the Forced Sale provisions in Article XIV of the Agreement.

32. Realty Link's June 1, 2022 Letter has no legal significance or effect and cannot initiate the option procedure in Article XIII of the TIC Agreement as it fails to comply with the requirements in section 13.1. Specifically, the June 1, 2022 Letter was sent 32 days after BCW initiated the Forced Sale proceedings.

33. The relief sought herein by BCW is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. BCW has a real interest in the completion of the Forced Sale Proceedings pursuant to Article XIV of the TIC agreement.

WHEREFORE, this Court should:

(a) enter a declaration that BCW has properly invoked the Forced Sale proceedings in Article XIV of the TIC Agreement;

(b) enter a declaration that the April 29, 2022 Notice terminated Realty Links' option rights under the TIC Agreement;

(c) enter a declaration that the May 19, 2022 Notice terminated Realty Links' option rights under the TIC Agreement;

(d) enter a declaration that the June 1, 2022 Letter has no legal effect as it could not trigger the option proceedings pursuant to Article XIII of the TIC Agreement;

(e) order Realty Link to comply with its obligations and complete the Forced Sale proceedings pursuant to Article XIV of the TIC Agreement;

(f) grant BCW the reasonable attorneys' fees and costs spent in the prosecution of this action; and

(g) grant BCW any other relief the Court may deem just and proper.

*/s/ Stanford R. Solomon*
Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
Laura H. Howard
lhoward@solomonlaw.com
Florida Bar No. 975397
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Attorneys for **BC WAYCROSS SPRING HILL, LLC**